UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY LEE DRAEGER,<br><br>   Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security*,*<br><br>   Defendant. | Case No. 3:24-cv-00514-CLB<br><br>**ORDER GRANTING MOTION FOR REMAND**<br><br>[ECF No. 9] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Kimberly Lee Draeger's ("Draeger") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Draeger's motion for reversal and remand. (ECF No. 9.) The Commissioner filed a response, (ECF No. 11), but Draeger did not reply. Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 8), the Court concludes that the Commissioner's finding that Draeger was not disabled under sections 216(i) and 223(d) of the Social Security Act was not supported by substantial evidence. Therefore, the Court grants Draeger's motion for remand and reversal, (ECF No. 9).

I.     **STANDARDS OF REVIEW**

   A.     **Judicial Standard of Review**

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record,

a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a

reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding

of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy

within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual can do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   CASE BACKGROUND

### A.   Procedural History

Draeger applied for disability insurance benefits ("DIB") and supplement security income ("SSI") on January 6, 2022, with an alleged disability onset date of July 14, 2021. (AR 23, 247-62.) Draeger's application was denied initially on June 27, 2022, and again upon reconsideration on January 13, 2023. (AR 23, 77-78, 107-08.) Draeger subsequently requested an administrative hearing and on September 28, 2023, Draeger and her attorney appeared at a telephonic hearing before an ALJ. (AR 37-76.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on December 26, 2023, finding that Draeger was not disabled because she has the RFC to perform "other occupations with jobs existing in significant numbers in the national economy." (AR 30.) Draeger appealed, and the Appeals Council denied review. (AR 1-6.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Draeger filed a complaint for judicial review on

November 13, 2024. (*See* ECF No. 1.)

B.   **ALJ's Decision**

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 19-36.) Ultimately, the ALJ found Draeger could not perform her past relevant work but there were other jobs existing in significant numbers in the national economy she could perform. (AR 30.) Thus, the ALJ found Draeger had not been under a disability as defined in the Social Security Act from the alleged onset date–July 14, 2021–through the date of the decision. (AR 31.)

In making this determination, the ALJ started at step one. Here, the ALJ found Draeger had not engaged in substantial gainful activity since the alleged onset date of July 14, 2021. (AR 24.) At step two, the ALJ found Draeger had the following severe impairments: bilateral knee meniscus tears and osteoarthritis; and obesity. (AR 24-26.) The ALJ also found Draeger has "non-severe" mental impairments that "cause[] no more than 'mild'" or "minimal limitations in the ability to perform basis mental work activities." (AR 26.)

At step three, the ALJ found Draeger did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix. 1.(AR 26.)

Next, at step four, the ALJ determined Draeger has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), including (but not limited to) standing/walking a total of 2 hours in an 8-hour workday, except she needs a cane for ambulation; can never climb ladders, ropes, or scaffolds; can never crawl; can only occasionally climb ramps/stairs, kneel, and crouch; can frequently balance and stoop; and can frequently perform handling and fingering with the left upper extremity.

(AR 26-29.)

The ALJ found Draeger's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Draeger's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent

with the medical evidence and other evidence in the record. (AR 27) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and other evidence in the record. (AR 26-29.) The ALJ's RFC assessment was limited to Draeger's physical limitations and makes no reference to Draeger's non-severe mental conditions and if they had an effect on the ultimate RFC determination.

Relying on the testimony of the VE, the ALJ found Draeger was unable to perform any past relevant work. (AR 30.) ALJ determined Draeger had acquired work skills from her past work that in combination of her age, education, and RFC, Draeger could work other occupations with jobs existing in significant numbers in the national economy. (*Id.*) Accordingly, the ALJ found Draeger had not been under a disability since the alleged onset date of July 14, 2021, through the date of the decision, and denied Draeger's claim. (AR 30-31.)

### III. ISSUE

Draeger seeks judicial review of the Commissioner's final decision denying SSI and DIB. (ECF No. 9.) Draeger raises the following issues for this Court's review: (1) whether the ALJ's RFC determination is supported by substantial evidence, and (2) whether the ALJ properly evaluated the opinion of Mr. McBride in determining Draeger's RFC.

### IV. DISCUSSION

#### A. The ALJ's RFC Determination is Not Supported by Substantial Evidence.

Draeger argues the ALJ failed to properly account for Draeger's mental impairments within the RFC determination. (ECF No. 9 at 5.) Specifically, Draeger takes issue with the ALJ's conduct during the administrative hearing. (*Id.* at 6.) Draeger argues she properly alleged her mental conditions during the administrative process and but that the ALJ's RFC determination "needs further development on the mental impairment[s]." (*Id.* at 8.) The Government argues Draeger had to "ask" the ALJ to develop the record with regard to the mental impairments and thus "forfeited" the issue. (ECF No. 11 at 5-6.) The Commissioner furthers argues Draeger has not shown a substantial likelihood of prejudice

for failing to consider evidence regarding Draeger's mental limitations or include the limitations in the RFC assessment. (*Id.* at 6-7.)

RFC is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); *see also Valencia v. Heckler*, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). Thus, RFC describes a person's capabilities in light of his or her limitations.

Where there is a colorable claim of mental impairment, the regulations require the ALJ to follow a special procedure, the Psychiatric Review Technique ("PRT"). *See* 20 C.F.R. §§ 404.1520a(a), 416.920a(a). In doing so, the ALJ is required to record pertinent findings and rate the degree of functional loss. *See* 20 C.F.R. §§ 404.1520a(b), 416.920a(b). An ALJ's RFC finding must include all the limitations the ALJ has found to be supported by the evidence of record. *See* SSR 85-15. "A claimant's RFC must include even impairments that do not rise to the level of "severe" at step two." *Tyler v. Berryhill*, No. 2:17-CV-02275-RFB-EJY, 2019 WL 4237756, at *3 (D. Nev. Sept. 6, 2019); *see* 20 C.F.R. § 404.1545(a)(2) (The ALJ must consider "all of [a claimant's] medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe[.]"); *see also* SSR 96-8p (explaining why even non-severe limitations can "be critical to the outcome of the claim").

However, finding non-severe mental impairments that create no more than mild or minimal limitations does not require the ALJ to incorporate such limitations within the RFC. *See Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022). In *Woods*, the claimant faulted the ALJ for not including non-severe mental limitations from step two of the analysis in her RFC. *Id.* The ALJ found the claimant had mild limitations in understanding, remembering, or applying information and in concentrating, persisting, or maintaining pace, but the ALJ did not include any mental restrictions in claimant's RFC. *Id.* at 788, 793, 795. On appeal, the Ninth Circuit affirmed the ALJ's decision, finding no procedural error, even though the ALJ did not include any mild mental limitations in the RFC. *Id.* at 794; *see also Chadica P. v. O'Malley*, No. 2:23-CV-02004-JAD-MDC, 2024 WL 5709666, at *2 (D. Nev. Aug. 12,

2024), *report and recommendation adopted sub nom. Percy v. Dudek*, No. 2:23-CV-02004-JAD-MDC, 2025 WL 1276075 (D. Nev. May 1, 2025) (finding the "ALJ also expressly considered all of plaintiff's impairments, severe or not, in assessing her RFC" including "plaintiffs mental impairments" where ALJ explicitly noted that they were "persuaded by findings from [multiple doctors] about the extent of Plaintiff's mental restrictions"); *Tyson v. Kijakazi*, No. 1:21-cv-00688-BAM, 2023 WL 2313192, at *5 (E.D. Cal. Mar. 1, 2023) ("As in *Woods*, the court likewise finds that the ALJ did not err by failing to include any mild mental limitations in the RFC."). Therefore, "the question is not whether the ALJ's paragraph B findings are consistent with the RFC, but whether the ALJ has provided an adequate explanation for the mental limitations contained in the RFC." *Wendy C. v. Comm'r of Soc. Sec.*, No. 3:19-CV-05486, 2020 WL 3287286, at *6 (W.D. Wash. June 18, 2020).

      First, the Court finds the ALJ had a duty to develop the record in this case. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1151 (9th Cir. 2001). The Ninth Circuit has made it clear that "[t]he ALJ has a duty to develop the record . . . even when the claimant is represented by counsel." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991); *see also Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014) (holding the ALJ's failure to develop the record to include a complete set of IQ scores was legal error). "'[I]t is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)). Moreover, the ALJ must consider all evidence in the claimant's case record when making a disability determination. *See* 20 C.F.R. §§ 404.1520(a)(3); 416.920(a)(3). "The ALJ is responsible for studying the record and resolving any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017); *see also Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017). Under the "significant probative evidence" standard, an ALJ is not required to discuss all evidence presented, but "must explain why significant probative evidence has been rejected." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (quoting *Vincent*

*ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

Here, contrary to the Government's position, Draeger did not need to ask the ALJ to develop the record regarding mental impairments. This is particularly so where, as here, Draeger's counsel attempted to raise issues regarding her mental conditions at the hearing, but the ALJ squarely rejected consideration of the metal conditions. (*See* AR 57-61.) The ALJ was expressly pointed to the record by Draeger's counsel regarding Draeger's diagnoses during the hearing. (AR 59.) Furthermore, the record contains several references to Draeger's mental conditions of ADHD, PTSD, anxiety, and depression. (*See* AR 335, 336, 337, 338, 339,349, 350, 351, 352, 353, 620, 621, 623, 631, 636, 640, 642, 854, 855, 857, 860, 864, 868, 870, 875, 889, 891, 896, 902, 907, 911, 952.) Such information regarding Draeger's mental conditions were properly alleged on her application and available for the ALJ's consideration. Failing to legitimately consider them (or explain why they could not be considered) and develop the record to them was legal error by the ALJ.

Second, the boilerplate statements in the ALJ's decision are insufficient to explain why mental limitations identified by the ALJ do not find expression in the RFC. Statements such as "[t]he following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis," (AR 26), without more, have been found to be boilerplate and insufficient to meet the substantial evidence requirement of a proper RFC determination. *See Tammy W.*, 2025 WL 1720322; *Victor R. v. O'Malley*, No. 3:23-CV-00501-GPC-BGS, 2024 WL 392616, at *5 (S.D. Cal. Feb. 1, 2024), *report and recommendation adopted*, No. 23-CV-00501-GPC-BGS, 2024 WL 1257277 (S.D. Cal. Mar. 25, 2024) (rejecting the statement that the RFC "reflects the degree of limitation" from the paragraph B analysis as insufficient, and collecting cases); *Andrick v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 3d 819, 823 (D. Ariz. 2023). Here, the ALJ's statement that the RFC reflects mental function analysis, without more, is insufficient for the Court to deem the RFC to be supported by substantial evidence. *See Penns v. O'Malley*, No. 2:24-CV-01230-EJY, 2025 WL 1323723, at *5-*6

(D. Nev. May 6, 2025) (finding the ALJ's RFC assessment free of legal error where the ALH specifically referred to medical evidence "in her step three analysis and RFC assessment" in addition to the statement that the RFC reflects "mental functioning").

Third, the Court agrees with Draeger and finds the ALJ's RFC determination lacks substantial evidence. While the ALJ discussed in length Draeger's physical conditions and the according limitations, the Court cannot reconcile the ALJ's ultimate RFC finding when considering the mental impairments. At step two, the ALJ determined Draeger's "mental condition is non-severe." (AR 27.) However, within the entirety of the decision, there is no reference as to what those "mental conditions" are. (*See* AR 19-36.) The ALJ states that his finding of a non-severe mental condition creating only "mild" limitations is supported by the "persuasive" opinion of "State Agency Psychological consultants." (AR 25.) Yet, the ALJ also states that "claimant did not allege a mental condition in connection with the instant application." (*Id.*) The conflicting statements regarding the presence of general a mental condition that create mild or minimal limitations, while also saying no conditions were alleged – when in fact, these conditions were in an early disability report (*see* AR 336) – raises concerns regarding the ALJ's findings.

Furthermore, during the RFC assessment, the ALJ makes <u>zero</u> references to his own finding of Draeger's non-severe mental conditions. (*See* AR 26-29.) This is distinguishable from the *Chadica P.* case, wherein the Court found substantial evidence supporting the ALJ's exclusion of limitations stemming from the claimant non-severe mental impairments because the ALJ made explicit references to medical evidence and opinions regarding mental restrictions. 2024 WL 5709666 at *2-*3. Here, no such references exist. (*See* AR 26-29). *See also Penns*, 2025 WL 1323723, at *6 ("[T]he ALJ sufficiently explained in her step three analysis and RFC assessment, the medical record of evidence indicated intact attention and concentration.").

"Regardless of its severity, however, the ALJ was still required to consider [Draeger's] PTSD[,] [ADHD, anxiety, and depression] when he determined [Draeger's] RFC." *Hutton v. Astrue*, 491 F. App'x 850, 851 (9th Cir. 2012). When the ALJ does not

1  "explain the evidentiary basis" for an aspect of their RFC assessment, remand is
2  appropriate. *Leitz v. Kijakazi*, No. 22-35356, 2023 WL 4342114, at *2 (9th Cir. Jul. 5,
3  2023). The court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the
4  grounds for the ALJ's conclusions." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d
5  1090, 1103 (9th Cir. 2014) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)).
6  The ALJ's failure to "build an accurate and logical bridge" from the record to his RFC
7  assessment, and failure to "provide sufficient reasoning" precludes the Court from
8  conducting meaningful review. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).
9  While the ALJ was not required to explicitly incorporate limitations into the RFC, he was
10 required to explain why the mild or minimal limitations from step two were excluded from
11 the RFC. *See* 20 C.F.R. § 404.1545(a)(2) (The ALJ must consider "all of [a claimant's]
12 medically determinable impairments of which we are aware, including your medically
13 determinable impairments that are not "severe[.]"); *see also* SSR 96-8p (explaining why
14 even non-severe limitations can "be critical to the outcome of the claim").

15      Here, the ALJ provided "no reason . . . to disregard his own finding" of mild or
16 minimal limitations." *See Hutton*, 491 F. App'x at 851. As explained above, the Court finds
17 that in this case, there was ample record evidence that needed greater explanation and
18 consideration regarding Draeger's metal conditions, the according limitations, and if
19 necessary, their effect on Draeger's RFC. It is unclear how the ALJ concluded Draeger's
20 diagnosed mental disorders, which have not been disputed, could not be considered as
21 part of the RFC. *See Vaughn v. Berryhill*, 242 F. Supp. 3d 998, 1008 (E.D. Cal. 2017)
22 ("[A]n ALJ is not allowed to use his own medical judgment in lieu of that of a medical
23 expert."). It is also unclear how or why the ALJ Draeger's mental conditions due to the lack
24 of counseling. Perhaps, the ALJ decision to do so was valid but it must be explained. *See*
25 *Lambert*, 980 F.3d at 1277. On remand, the ALJ should explain his findings of the severity
26 and according limitations pertaining to Draeger's mental conditions and the impact of the
27 limitations upon the ultimate RFC assessment. *See id.*

28      Because the Court finds error in the ALJ's RFC assessment, the Court agrees with

that remand is appropriate for further proceedings. Additional proceedings may remedy the defects in the original administrative proceedings. *See Garrison*, 759 F.3d at 1011.[1]

**V.   CONCLUSION**

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was not supported by substantial evidence and is not free of legal error.

Accordingly, **IT IS THEREFORE ORDERED** that Draeger's motion for remand, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be **REMANDED** to the agency for further proceedings in accordance with this Order.

**IT IS SO ORDERED.**

**DATED**: June 27, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Because the Court finds grounds to remand as to Draeger's first issue pertaining to the ALJ's RFC determination, the Court does not reach Draeger's second issue related to the ALJ's evaluation of the medical opinion of Mr. Tyson McBride.

13